# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| LEE MENDELSON FILM PRODUCTIONS, INC. | )<br>)<br>) Case No.: **3:19-cv-395**<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| THE DOLLYWOOD COMPANY | )<br>) **JURY DEMAND** |
| Defendant. | ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Comes Now Plaintiff Lee Mendelson Film Productions, Inc. ("Plaintiff" or "LMFP") and files this Complaint for willful Copyright Infringement against Defendant The Dollywood Company, a joint venture between Dolly Parton Productions, Inc. and Herschend Family Entertainment Corp. ("Defendant" or "Dollywood").

### NATURE OF THE ACTION

1. This is an action for willful copyright infringement brought by Plaintiff against Defendant for its unauthorized use of the musical composition "Christmas Time is Here" (the "Infringed Work" or "Christmas Time is Here"), in blatant disregard of the exclusive rights that are vested in copyright owners.

2. Defendant owns and operates an amusement and Theme Park in Pigeon Forge, Tennessee, under the name Dollywood (the "Theme Park"). As alleged more fully below, Defendant has used the Infringed Work in the live theatrical production, "'Twas the Night Before

1

Christmas," (the "Production") at the Theme Park without a license in place for Dramatic Performances/Rights ("Dramatic Rights").

3. Upon information and belief, the Defendant also offers various shows at its properties, including The Smoky Mountain Cabins, DreamMore Resort and Spa, and Dollywood's Splash Country Water Park which may also use the Infringed Work without a license.

4. Defendant has failed to obtain a license for Dramatic Rights necessary to cover the dramatized performance of the Production required for such use. Upon information and belief, Defendant has been using the Infringed Work in the Production as early as 2007, and has likely used the Infringed Work each year since 2007. Various clips of the Production on YouTube include the Infringed Work, which shows the use going back for more than a decade.

5. Defendant has been notified of its failure to obtain a license for Dramatic Rights and yet, despite notice, Defendant has failed to obtain a license to exploit "Christmas Time is Here" and has committed willful copyright infringement thereby. Defendant is a sophisticated party, and knew that the performance license it obtained from Broadcast Music, Inc. ("BMI"), specifically does not cover Dramatic Rights, and that a direct license from Plaintiff was required. Defendant nonetheless did not obtain that license, and committed willful infringement instead.

6. Plaintiff brings this copyright infringement action to immediately halt Defendant's unauthorized use of the Infringed Work in its Production. Plaintiff seeks injunctive relief, damages, costs, and attorneys' fees.

## PARTIES

7. Plaintiff LMFP is a California corporation with its principal place of business located at 330 Primrose Rd., Ste. #215, Burlingame, California 94010. LMFP was founded by Lee

Mendelson, an award-winning, executive television producer. Jason Mendelson and Glenn Mendelson are Co-Presidents of LMFP.

8. Defendant Dollywood is a Tennessee joint venture composed of Dolly Parton Productions, Inc. and Herschend Family Entertainment Corporation. Dolly Parton Productions, Inc. is a corporation existing and organized under the laws of the State of California with a principal place of business at STE 1600, 1880 Century Park E, Los Angeles, California 90067-1661. Herschend Family Entertainment Corporation is a corporation existing and organized under the laws of the State of Missouri with a principal place of business at 2800 W 76 Country Blvd, Branson, Missouri 65616-2170. Both Dolly Parton Productions, Inc. and Herschend Family Entertainment Corporation are authorized to do business in the State of Tennessee. Dollywood has a business address at 2700 Dollywood Parks Boulevard, Pigeon Forge, Tennessee 37863.

## JURISDICTION

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal court, and under 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act and the Copyright Revision Act of 1976 (17 U.S.C. § 101 *et seq.*).

10. This Court has general personal jurisdiction over Dollywood because it is a Tennessee joint venture. Dollywood owns property in this Judicial District and has other substantial contacts with the State of Tennessee and with this Judicial District specifically.

11. This Court has specific personal jurisdiction over Dollywood because its suit-related conduct creates a substantial connection with the State of Tennessee and this Judicial District, which includes (1) Dollywood is engaged in conduct within the State of Tennessee and in this Judicial District, specifically Dollywood knowingly and intentionally authorized the

exploitation of the Infringed Work within the live Production in Tennessee; (2) Dollywood has benefitted substantially from the exploitation of the Infringed Work to Tennessee residents; (3) Dollywood is, at a minimum, constructively aware of its continuous and substantial commercial interactions with Tennessee residents; (4) Dollywood actively participated in, and/or authorized, the unlawful exploitation of the Infringed Work in Tennessee; and (5) Dollywood advertised the Infringed Work through Tennessee companies and to Tennessee residents.

## VENUE

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1400 because Defendant resides or may be found in this Judicial District and is subject to personal jurisdiction.

13. This case is properly filed in the Eastern District, as a substantial part of the events giving rise to this case occurred in the Eastern District of Tennessee.

## STATEMENT OF FACTS

### 1. Lee Mendelson Film Productions Background

14. LMFP is a television and film production company and music publisher in Burlingame, California founded by Lee Mendelson. LMFP has been operating since 1963. It is best known for *Peanuts* animated television and film productions including *A Boy Named Charlie Brown* and *Snoopy, Come Home*, several documentaries on Charles Schulz and his *Peanuts* characters, and *A Charlie Brown Christmas*. Its founder, Lee Mendelson, is the executive-producer of the many *Peanuts* animated specials and the co-author of the Infringed Work.

15. LMFP has had a 38-year relationship with Charles Schulz, the American cartoonist and creator of the comic strip *Peanuts*, which features the characters Charlie Brown and Snoopy, among others.

16. LMFP has produced over 12 prime time "Garfield" specials and a 120-program series "Garfield and Friends."

17. LMFP has also created over thirty prime time network specials, including such stars as Paul Newman, Gene Kelly, Lucille Ball, Bing Crosby, Flip Wilson, Whoopi Goldberg, and Henry Fonda, among others.

18. LMFP is the Publisher of the Vince Guaraldi Library of Charlie Brown music.

19. LMFP has won 11 prime time Emmys, numerous other Emmy nominations, as well as association with two Grammy and one Oscar nomination.

20. LMFP administers and owns 100% of the Infringed Work.

### 2. "Christmas Time is Here" Background

21. "Christmas Time is Here" is a popular Christmas song written by Lee Mendelson and Vince Guaraldi for the 1965 television Special *A Charlie Brown Christmas*, one of the first animated Christmas specials produced for network television in the United States.

22. The Infringed Work was duly registered with the United States Copyright Office on February 7, 1966 bearing Registration Number Eu923948, listing the authors as Vincent Guaraldi and Lee Mendelson. LMFP received all ownership interest of the copyright upon assignment from the estate of Vincent A. Guaraldi on December 12, 1990, bearing Recorded Document Number V2604P223. A renewal registration for the Infringed Work was issued on December 29, 1995.

23. The Infringed Work was released on the album "A Charlie Brown Christmas" in December 1965 and was re-released on the album "A Charlie Brown Christmas [2012 Remastered & Expanded Edition]." The Infringed Work is iconic. It has been rereleased many times, including in 1998 by Chicago on their album "Chicago XXV: The Christmas Album," in 2005 by MercyMe on their album "The Christmas Sessions," in 2006 by Sarah McLachlan on her album "Wintersong," in 2013 by Canadian Brass on the album "Christmas Time is Here," in 2015 by LeAnn Rimes on her album "Today is Christmas," and in 2018 by John Legend on his album "A Legendary Christmas," among others.

24. "Christmas Time is Here" received platinum certification by the Recording Industry Association of America ("RIAA") on January 31, 2019.

25. The album, *A Charlie Brown Christmas*, which features a "Christmas Time is Here," received Platinum certification by RIAA on September 30, 1996 and 4x Multi-Platinum certification by RIAA on December 9, 2016.

26. The television special, *A Charlie Brown Christmas*, received high ratings and acclaim from critics. It has been honored with both an Emmy and a Peabody Award.

27. "Christmas Time is Here" is an American Classic Christmas song. The television special, *A Charlie Brown Christmas*, which features the Infringed Work, is an annual broadcast in the United States. The show has aired on prime time national network television during the Christmas season every year since its premiere on December 9, 1965.

28. On November 30, 2015, *It's Your 50th Christmas, Charlie Brown*, television special, which features "Christmas Time is Here," was released on network television in the United States. The television special produced by Lee Mendelson, Jason Mendelson, and Paul Miller received the Primetime Emmy Award for Outstanding Children's Program.

### 3. Unauthorized Use and Exploitation of "Christmas Time is Here"

29. The Theme Park has been extremely successful and upon information and belief, currently receives over two million visitors annually and is ranked as one of the fifth most visited theme/amusement parks in the world.

30. The Theme Park is associated with Ms. Dolly Parton, an immensely popular person, enormously successful musical performer and actress, well-known to millions of people in the United States and in other countries around the world.

31. The Theme Park puts on the Production annually. The Theme Park's website provides the following information about the Production: "A family finds its own Christmas miracle with the help of a mysterious, white-bearded stranger. Dancing mice, singing sailors and a young girl's belief in Santa highlight its endearing tale."

32. The website provides that the 2019 Season Dates for the Production are November 9 through January 4.

33. As part of the Production, the Infringed Work is sung by characters during the live performance. Upon information and belief, the Infringed Work has been used in the Production since at least 2007, if not earlier. Various clips of the Production on YouTube include the Infringed Work, which shows the use going back for more than a decade.

34. The use of the Infringed Work within the Production is considered to be a Dramatic Rights use which requires a specific license for Dramatic Rights. *See ABKCO Music, Inc. v. Washington*, No. 11-10763, 2011 U.S. Dist. LEXIS 120081, at *10 (E.D. Mich. Oct. 18, 2011) (". . . in order to use a musical composition in a dramatic performance, the party seeking to use the composition must obtain the 'grand rights' or 'dramatic rights' to the song."). Defendant

knew from the beginning of its infringement that its performance license from BMI does not cover "grand" or "dramatic" rights.

35. Defendant has, without authorization, and without a license for Dramatic Rights publicly performed and otherwise exploited the Infringed Work, resulting in substantial revenue and profit for Defendant.

36. Upon information and belief, Defendant has offered the performance of the Infringed Work in prior years. Defendant claims to have not used the Infringed Work in the 2018 Production.

37. At no point did Plaintiff grant the Defendant a license for use of the Infringed Work as part of the dramatic performance featured in the Production, whether express or implied.

38. In September 2018, Defendant was given notice of the infringement of a "Christmas Time is Here." Despite notice, Defendant has failed to obtain a license to exploit "Christmas Time is Here."

39. Defendant has expressed an interest in using "Christmas Time is Here "going forward, but has failed to pay Plaintiff.

## CAUSE OF ACTION

## DIRECT COPYRIGHT INFRINGEMENT

40. Plaintiff repeats and re-alleges each of the foregoing paragraphs 1-39, as though fully set forth herein.

41. Plaintiff is the owner of the United States copyright in the musical composition "Christmas Time is Here" Registration Number Eu923948.

42. Defendant has made unauthorized reproductions and engaged in unauthorized distributions of the Infringed Work. The infringement of this copyright is in violation of 17 U.S.C. § 106, *et seq*. and 501.

43. Defendant had access to the highly successful musical composition "A Christmas Time is Here" as discussed above.

44. Defendant has violated many of the exclusive rights enumerated under Section 106 of the United States Copyright Act by its activities discussed above. Among other things, each performance of the Infringed Work reproduced by Defendant constitutes a separate and distinct act of infringement, for which Defendant is a direct infringer.

45. Defendant's conduct has at all times been knowing, willful, and with complete disregard to Plaintiff's rights and objections.

46. Defendant has infringed Plaintiff's copyright interest by publicly performing "Christmas Time is Here," including publicly performing the Infringed Work during the Production.

47. As a direct and proximate cause of Defendant's infringement, Plaintiff has been irreparably harmed.

48. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to actual damages, including the substantial profits of Defendant, as will be proven at trial.

49. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to receive the maximum amount of statutory damages for willful copyright infringement, $150,000, for each act of willful infringement.

50. Plaintiff is entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

51. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting the reproduction, distribution, sale, public performance, or other use of the Infringed Work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and for the following relief:

A. Judgment in favor of Plaintiff and against Defendant;

B. A declaration that Defendant has willfully infringed Plaintiff's copyrighted work in violation of the Copyright Act;

C. A declaration that Defendant is directly liable for willful copyright infringement;

D. A preliminary and permanent injunction under 17 U.S.C. § 502 requiring Defendant and its agents, servants, employees, officers, attorneys, successors, licenees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff's rights protected by the Copyright Act;

E. An award of damages pursuant to 17 U.S.C. §504(b), including actual damages, and the profits of Defendant as will be proven at trial. In the alternative, the maximum amount of statutory damages pursuant to 17 U.S.C. § 504(c) for each act of willful infringement;

F. A declaration that Plaintiff is entitled to receive all revenue associated with all exploitations of the Infringed Work, commencing from the date of judgment and for all amounts not taken into consideration in the judgment;

G. An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and under

other applicable law;

      H.      For pre-judgment and post-judgment interest according to law, as applicable; and

      I.      For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a trial by jury.

Dated: October 8, 2019

> By: /s/ Richard S. Busch
> Richard S. Busch (TN Bar # 14594, Pending Admission Pro Hac Vice)
> KING & BALLOW
> 315 Union Street, Suite 1100
> Nashville, Tennessee 37201
> Telephone:   (615) 726-5422
> Facsimile:   (615) 726-5417
> rbusch@kingballow.com
> *Attorney for Plaintiff*