IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LEE MENDELSON FILM PRODUCTIONS, INC. | ) )  |
| Plaintiff, | ) Case No.: 3:19-CV-395 ) ) District Judge Corker |
| v. | ) Magistrate Judge Guyton ) |
| THE DOLLYWOOD COMPANY | ) ) JURY DEMAND |
| Defendant. | ) |

**REPORT OF THE PARTIES' RULE 26(F) PLANNING MEETING**

Counsel for Plaintiff, Lee Mendelson Film Productions, Inc. ("LMFP") and Counsel for Defendant, The Dollywood Company ("Dollywood") (collectively, the "Parties") participated in a Rule 26(f) conference on January 7, 2020, by Telephone Conference.

**1.    Synopsis of Case:**

LMFP'S Position:

This is an action for willful copyright infringement against Dollywood for its unauthorized use of the musical composition "Christmas Time is Here." Dollywood has used "Christmas Time is Here" in the live theatrical production, "'Twas the Night Before Christmas," ("Production") without a license in place for Dramatic Performances/Rights ("Dramatic Rights"). The use of "Christmas Time is Here" within the Production is considered to be a Dramatic Rights use which requires a specific license for Dramatic Rights. *See ABKCO Music, Inc. v. Washington*, No. 11-10763, 2011 U.S. Dist. LEXIS 120081, at *10 (E.D. Mich. Oct. 18, 2011) (". . . in order to use a musical composition in a dramatic performance, the party seeking to use the composition must obtain the 'grand rights' or 'dramatic rights' to the song.").

1

As part of the Production, "Christmas Time is Here" is sung by characters during the live performance, in furtherance of the Production's plot. Here, the performance of "Christmas Time Is Here" is preceded and followed by dialogue, woven into and carrying forward the plot of the scene and the action of its characters, which is accompanied by costumes and scenery. The rendering of the song in this way would thus be considered a dramatic performance or a presenting of the song in a dramatic setting.

Dollywood has failed to obtain a license for Dramatic Rights necessary to cover the dramatized performance of the Production required for such use. Dollywood knew from the beginning of its infringement that its performance license from Broadcast Music Inc. ("BMI") does not cover "grand" or "dramatic" rights. Any performance license that Dollywood may have obtained from BMI would not authorize Dollywood's use of "Christmas Time Is Here," because such organizations do not license dramatic performances or the right to present musical works in a dramatic setting. The dramatic performance of the song "Christmas Time Is Here" by Dollywood in the Production without a dramatic performance license from the copyright owner of the song is an act of copyright infringement.

<u>Dollywood's Position:</u>

Dollywood did not infringe "Christmas Time is Here." Before using the musical composition in "Twas the Night Before Christmas," Dollywood secured a public-performance license from BMI. That license authorized Dollywood to use the composition.

Moreover, Dollywood's use of "Christmas Is Here" does not require a license for dramatic or grand rights. "[A] performance of a musical composition is dramatic if it aids in telling a story; otherwise it is not. . . . Delete the proposed musical performance from the production (be it stage, motion picture or television); if after such deletion the continuity or story line of the production is

2

in no way impeded or obscured, then the proposed performance is nondramatic—otherwise it is dramatic." Nimmer on Copyright § 10.109[E][2]; *see April Products v. Strand Enterprise*, 221 F.2d 292 (2d Cir. 1955) (finding no infringement); *Celador Int'l Ltd. v. Walt Disney Co.*, 2009 U.S. Dist. LEXIS 133688, at *50 (C.D. Cal. Mar. 6, 2009) (finding no infringement).

After Plaintiff notified Dollywood that it believed Dollywood had infringed "Christmas Time is Here," Dollywood removed the song from "Twas the Night Before Christmas" for its 2018 performances. Removing "Christmas Time is Here" from "Twas the Night Before Christmas" did not "impede or obscure the continuity or basic idea behind" the show's plot. Therefore, no dramatic-rights license was required.

2. **Trial Date:** Counsel for the Parties have conferred and their present best estimate of when the case will be ready for trial is **July 2021.**

3. **Jury:** This case is to be tried to a jury. The JURY trial of this action is expected to last approximately four (4) to five (5) days.

4. **Magistrate Judge:** The Parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

**5. Discovery:**

    a) Initial Disclosures. The Parties will make their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), fourteen (14) days after the Parties' scheduling conference.

    b) Discovery will be needed on the following subjects:

        1. Liability

        2. Damages

    c) The Parties shall complete all fact discovery by December 15, 2020. The party bearing the burden of proof on a particular issue shall disclose its experts by January 29, 2021.

Rebuttal experts shall be disclosed by February 26, 2021. The Parties shall complete expert depositions by March 19, 2021. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

6. **Electronic Discovery:**

    a) Disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business;

    b) The Parties only anticipate to produce what is reasonably available to the Parties in the ordinary course of business.

    c) The Parties agree to produce relevant, non-privileged documents in single-page TIFF format (black and white, 300 dpi) or PDF Images with all metadata. The Parties will provide a standardized load file compatible with the database of the Requesting Party's preference, as long as such database is one commonly used for hosting electronic documents and with a Bates number field included in the load file to match text and metadata with TIFF or PDF images. With respect to audio and video files, the Parties agree to work in good faith to determine the mode of production for such files as the need arises.

    d) The Parties have taken reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

    e) The Parties do not anticipate other problems that may arise in connection with electronic or computer-based discovery.

    f) Jason Mendelson is responsible for Plaintiff's document retention policies and the person through which discovery requests and responses are to be made.

4

Case 3:19-cv-00395-DCLC-HBG   Document 17   Filed 01/28/20   Page 4 of 6   PageID #: 55

g) Steve Earnest is responsible for Defendant's document retention policies and the person through which discovery requests and responses are to be made.

Dated:  January 28, 2020

Respectfully Submitted,

*/s/ Richard S. Busch*

Richard S. Busch (14594)
KING & BALLOW
315 Union Street, Suite 1100
Nashville, Tennessee 37201
Telephone:   (615) 726-5422
Facsimile:    (615) 726-5417
rbusch@kingballow.com
*Attorney for Plaintiff*


*/s/ Keane A. Barger*

Timothy L. Warnock (12844)
Keane A. Barger (33196)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
(615) 320-3737 (facsimile)
twarnock@rwjplc.com
kbarger@rwjplc.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Report of the Parties' Rule 26(F) Planning Meeting has been served upon the following party in this matter using the ECF system this 28th day of January, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including the following:

Riley Warnock & Jacobson, PLC
Timothy L. Warnock, Esq. (BPR # 12844)
Keane A. Barger (BPR # 33196)
1906 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 320-3700
Facsimile: (615) 320-3737
twarnock@rwjplc.com
tharvey@rwjplc.com
kbarger@rwjplc.com

*Attorneys for Defendant*

/s/ Richard S. Busch